UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:23-cv-00205 SEP |
| ) | |
| v. ) | |
| ) | |
| VAN SPA, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff United States of America's Motions for Default Judgment against Defendants Van Spa, LLC, and Robert Keeney.  Docs. [23], [24].  For the reasons set forth below, the motions are granted.

**I.     Factual and Procedural Background**

The following facts, taken as true, are alleged in the Complaint.[1]  This civil debt collection action, brought under the Federal Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, *et seq*., stems from Defendants' default on a 10-year loan that was guaranteed by the United States Small Business Administration (SBA).  Doc. [1] ¶ 1.  Van Spa defaulted on the note in October 2016.  *Id*. ¶ 11.  Van Spa's members, including Defendant Keeney, had each signed in their individual capacities guarantees of the debt, personally guaranteeing payment of all amounts owed under the note.  *Id*. ¶¶ 13-15; Doc. [1-4].  After Defendants defaulted on the note, Plaintiff, on October 11, 2018, sent Van Spa a demand letter requesting immediate payment of the debt to stop collection actions and prevent the accumulation of additional interest, penalties, and administrative costs.  *Id*. ¶ 18.  At that time the debt balance was $286,936.85, and since that date, Defendants have made no payments on the note.  *Id*. ¶¶ 18-19.  The United States Department of Justice sent a demand letter on March 10, 2022, at which time the debt balance was $369,213.00.  *Id*. ¶ 20.  Defendants failed to respond to that demand as well.  *Id*.  Plaintiff filed the instant action on February 21, 2023.

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the complaint.  *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (a defendant has no standing to contest the factual allegations in a complaint once the clerk has entered default).

1

Defendants Keeney and Van Spa's answers were due by no later than July 21, 2023, but neither party has filed an answer or otherwise contested the Complaint. Clerk's Entry of Default was entered against Defendants on August 7, 2023. Doc. [22]. On August 9, 2023, Plaintiff filed the instant motions requesting that the Court enter default judgment against Defendants under Federal Rule of Civil Procedure 55(b)(1). Defendants Van Spa and Keeney have not responded to the entry of default or to the motions for default judgment.

## II.     Legal Standard

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012). Under Rule 55 of the Federal Rules of Civil Procedure, a court may enter default judgment for failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). "In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint." *Rankin v. National Credit Works II, LLC*, 2011 WL 5222601, at *1 (E.D. Mo. Nov. 2, 2011) (citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir.1988)). The Court therefore accepts Plaintiff's allegations as true, except for those relating to the amount of damages. *See Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted) (After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true."). For purposes of determining the amount of damages, Rule 55(b)(1) provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Plaintiff has provided an affidavit of Cynthia Bauer, a Financial Litigation Agent in the United States Attorney's Office for the Eastern District of Missouri, in which she attests that the amount owed by Defendants to the United States is $391,972.94, which includes a principal balance of $217,755.59, interest of $76,319.96, and administrative agency fees of $97,897.39.

**III.    Discussion**

Taking the allegations in the Complaint as true, Plaintiff has established that it is the holder of the note and that Defendants Keeney and Van Spa have defaulted under the terms of the note.  By way of its affidavit, Plaintiff has also demonstrated that the amount due under the note "can be made certain by computation" as required for the Clerk to enter default judgment under Rule 55(b)(1).  Thus, based on the record presented, the Clerk may enter default judgment in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Default Judgment, Docs. [23], [24], are **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of Plaintiff United States of America and against Defendants Van Spa, LLC, and Robert Keeney in the amount of $391,972.94.

Dated this 23rd day of February, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3